SUPERIOR COURT

OF THE

DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on July 14, 2004

| | |
|---|---|
| THE UNITED STATES OF AMERICA : | Criminal No:  F-7826-03 |
| : | ~~F-4712-04~~ |
| v. : | F-4713-04 |
| : | |
| DARRELL NEWTON, ALSO KNOWN : | Violations: |
| AS DARRELL R. MUHAMMAD : | 22 D.C. Code, Section 3221(b), 3222(b)(1); |
| PDID: 350-530 : | 22 D.C. Code, Section 3241, 3242(a); |
| : | 22 D.C. Code, Section 1510; |
| : | 22 D.C. Code, Section 3241, 3242 (c) |
| : | 22 D.C. Code, Section 722(a)(3)(D); |
| : | 22 D.C. Code Section 722 (a)(6) (2001 ed.) |
| : | 23 D.C. Code, Section 1327(a) (2001 ed.)) |
| : | 23 D.C. Code, Section 1328(a)(1) |
| : | |
| : | (Second Degree Fraud; Uttering; Forgery; Uttering Bad Check; Obstructing Justice (Harassment); Obstructing Justice (Due Administration of Justice); Bail Reform Act; Offenses Committed During Release) |

06 1583

The Grand Jury charges:

### FIRST COUNT

At all times relevant and material to this indictment:

### INTRODUCTION

**FILED**

SEP 1 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1. Darrell Newton ("Darrell R. Muhammad") resided at 1619 Independence Avenue,

N.E., Washington, D.C.

2. John Snow was the Secretary of the Department of Treasury located in Washington, D.C.

3. Coldwell Banker Pardoe was a real estate company with offices located at 5028 Wisconsin Avenue, N.W., Washington, D.C.

4. Paragon Title and Escrow Company was a title company with offices located at 7415 Arlington Road, Bethesda, Maryland.

5. Millennium Georgetown Partners, LLC ("Millennium") was the developer of the Park Millennium, also known as the Residences at the Ritz Carlton, a condominium located at 3150 South Street, N.W., Washington, D.C.

6. Regional Title Inc., was a Title Company with Offices located at 1620 L Street, N.W. Washington, D.C.

7. Joseph Denahan was a Special Agent employed by the United States Secret Service assigned to the Metropolitan Area Regional Fraud Task Force.

### SCHEME TO DEFRAUD

8. From in or about July 2003 through in or about September 2003, in the District of Columbia, and elsewhere, Darrell R. Muhammad devised a scheme and systematic course of conduct designed to defraud residential property owners in the District of Columbia of real property by means of false and fraudulent pretenses, promises and representations, that is by representing that he had money available to purchase real property, executing sales contracts for the purchase of real property and then passing fraudulent financial instruments as payment for that real property.

9. It was part of said scheme and systematic course of conduct to defraud that Darrell R.

Muhammad went to the Office of Millennium where he met with Eugenia Randolph, ("Randolph") a sales agent, and advised her that he was interested in purchasing a condominium unit at the Park Millennium.

10. It was part of said scheme and systematic course of conduct to defraud that Darrell R. Muhammad falsely represented to Randolph that he was a Sports Agent.

11. It was part of said scheme and systematic course of conduct to defraud that on or about July 16, 2003, Darrell R. Muhammad, executed a Residential Purchase Agreement to purchase condominium unit 2B at the Park Millennium in the amount of $2,995,000 and delivered or caused to be delivered that Residential Purchase Agreement to Millennium.

12. It was part of said scheme and systematic course of conduct to defraud that Darrell R. Muhammad drafted, mailed, delivered, transmitted or caused to be drafted, mailed, transmitted or delivered false or fraudulent documents to Millennium and Regional Title, to wit:

   A. Notice of Preauthorized Transfer through FedWire of $2,995,000 to credit to the order of Regional Title, executed in the name of Darrell R Muhammad.

   B. SunTrust check drawn on the personal bank account of Darrell R. Muhammad in the amount of $2,995,000.

13. It was part of said scheme and systematic course of conduct to defraud that Darrell R. Muhammad drafted, mailed, delivered, transmitted or caused to be drafted, mailed transmitted or delivered the Notice of Preauthorized Transfer knowing that the statements or assertions contained therein were untrue or using the statements or assertions contained therein with reckless indifference as to whether they were true or false.

14. It was part of said scheme and systematic course of conduct to defraud that Darrell R. Muhammad had insufficient funds in his SunTrust bank account to cover the $2,995,000

personal check which he mailed or delivered or caused to be mailed or delivered to Millennium and Regional Title.

15. It was part of said scheme and systematic course of conduct to defraud that Darrell R. Muhammad agreed to have the $2,995,000 check placed in an escrow account when he knew that there were insufficient funds in his SunTrust account to cover that check.

16. It was part of said scheme and systematic course of conduct to defraud that in or about September 2003, Darrell R. Muhammad met with Mike Fearson, ("Fearson"), a realtor employed by Caldwell Banker Pardoe Real Estate, about the purchase of a home in Washington, D.C.

17. It was part of said scheme and systematic course of conduct to defraud that Darrell R. Muhammad falsely represented to Fearson that he had inherited $10,000,000 and would pay cash for any home which he purchased.

18. It was part of said scheme and systematic course of conduct to defraud that Darrell R. Muhammad identified a home owned by Marvcus Patton located at 1312 F Street, N.E., Washington, D.C. ("the F Street property") which he was interested in seeing and agreed to meet Fearson there.

19. It was part of said scheme and systematic course of conduct to defraud that Darrell R. Muhammad told Fearson that he would purchase the home with cash.

20. It was part of said scheme and systematic course of conduct to defraud that on or about September 1, 2003, Darrell R. Muhammad executed a Regional Sales Contract for the F Street property.

21. It was part of said scheme and systematic course of conduct to defraud that when asked by Fearson for an escrow deposit, Darrell R. Muhammad falsely represented that he had an

account with John Snow and provided Fearson with an account number which was in fact Darrell R. Muhammad's social security number.

22. It was part of said scheme and systematic course of conduct to defraud that Darrell R. Muhammad drafted, mailed, delivered, transmitted or caused to be drafted, mailed, transmitted or delivered false or fraudulent documents to Coldwell Banker Pardoe, to wit:

    A. Registered Statement of Account: Registered Number RB 272 646 029 US; Direct Treasury Account Number:  # RA 905 739 124 US -578061613 reflecting a **balance of $470,422, Credit to the Order of Paragon Title, Inc.**

    B. Processing Instructions for Registered Number RB 272 646 307 US; Direct Treasury Account #RA 905 739 124 -578061613

    C. Notice of Preauthorized Transfer through FedWire of $470,422 to credit to the order of Paragon Title, Inc., executed in the name of Darrell Ramon Muhammad.

23. It was part of said scheme and systematic course of conduct to defraud that Darrell R. Muhammad drafted, mailed, delivered, transmitted or caused to be drafted, mailed transmitted or delivered the Registered Statement of Account, Processing Instructions and Notice of Preauthorized Transfer knowing that the statements or assertions contained therein were untrue or using the statements or assertions contained therein with reckless indifference as to whether they were true or false.

24. In or about July 2003, Darrell R. Muhammad engaged in a scheme and systematic course of conduct to defraud and to obtain property, that is a residential condominium unit, of a value of $250 or more, belonging to Millennium Georgetown Partners, LLC, by means of a false or fraudulent pretense, representation or promise. (Second Degree Fraud, in violation of 22 D.C.

Code Section 3221(b), 3222(b) (1) (2001 ed.)

## SECOND COUNT

1. The allegations contained the First Count of this indictment, paragraphs one through twenty-three are hereby realleged and incorporated as if fully set forth herein.

2 In or about September 2003, Darrell R. Muhammad, engaged in a scheme and systematic course of conduct to defraud and to obtain property, that is residential property, of a value of $250 or more, from Marvcus Patton, by means of a false or fraudulent pretense, **representation or promise. (Second Degree Fraud,** in violation of 22 D.C. Code Section 3221(b), 3222(b) (1) (2001 ed.)

## THIRD COUNT

1. The allegations contained in the First Count of the indictment, paragraphs one through twenty-three are hereby realleged and incorporated as if fully set forth herein.

2. In or about July 2003, within the District of Columbia, Darrell R. Muhammad with intent to defraud, or injure another, issued, authenticated, transferred, published, sold, delivered, transmitted, presented, displayed, used or certified to an agent of Millennium Georgetown Partners, and Regional Title, Inc., as true and genuine, a falsely made and altered written instrument, that is, a Notice of Preauthorized Transfer, purporting to have a value of $10,000 or more, a copy of which is attached hereto as Exhibit 1 and is incorporated herein by reference, knowing that Notice of Preauthorized Transfer to have been falsely made and forged. (Uttering, in violation of 22 D.C. Code, Section 3241, 3242(a) (2001 ed.))

Code Section 3221(b), 3222(b) (1) (2001 ed.)

## SECOND COUNT

1. The allegations contained the First Count of this indictment, paragraphs one through twenty-three are hereby realleged and incorporated as if fully set forth herein.

2 In or about September 2003, Darrell R. Muhammad, engaged in a scheme and systematic course of conduct to defraud and to obtain property, that is residential property, of a value of $250 or more, from Marvcus Patton, by means of a false or fraudulent pretense, representation or promise. (Second Degree Fraud, in violation of 22 D.C. Code Section 3221(b), 3222(b) (1) (2001 ed.)

## THIRD COUNT

1. The allegations contained in the First Count of the indictment, paragraphs one through twenty-three are hereby realleged and incorporated as if fully set forth herein.

2. In or about July 2003, within the District of Columbia, Darrell R. Muhammad with intent to defraud, or injure another, issued, authenticated, transferred, published, sold, delivered, transmitted, presented, displayed, used or certified to an agent of Millennium Georgetown Partners, and Regional Title, Inc., as true and genuine, a falsely made and altered written instrument, that is, a Notice of Preauthorized Transfer, purporting to have a value of $10,000 or more, a copy of which is attached hereto as Exhibit 1 and is incorporated herein by reference, knowing that Notice of Preauthorized Transfer to have been falsely made and forged. (Uttering, in violation of 22 D.C. Code, Section 3241, 3242(a) (2001 ed.))

## FOURTH COUNT

1. The allegations contained in Count One of this indictment, paragraphs one through twenty-three are hereby realleged and incorporated as if fully set forth herein.

2. In or about July 2003, within the District of Columbia, with intent to defraud or injure another, Darrell R. Muhammad, falsely made, and altered a written instrument, that is, a Notice of Preauthorized Transfer purporting to have a value of $10,000 or more, a copy of which is attached hereto as Exhibit 1 and is incorporated herein by reference. (Forgery, in violation of 22 D.C. Code, Section 3241, 3242(a) (2001 ed.))

## FIFTH COUNT

1. The allegations contained in the First Count of this indictment, paragraphs one through twenty-three, are hereby realleged and incorporated as if fully set forth herein.

2. On or about July 16, 2003, within the District of Columbia, Darrell R. Muhammad, with intent to defraud uttered or delivered an instrument for the payment of money, that is a check in the amount of $100 or more, to Millennium and Regional Title, made or drawn upon SunTrust Bank knowing at the time that he uttered or delivered the check that he did not have sufficient funds in or credit with SunTrust Bank for the payment of the check in full upon its presentation. (Uttering Bad Check, Making, drawing or uttering check, draft or order with intent to defraud in violation of 22 D.C. Code Section 1510 (2001 ed.)

**SIXTH COUNT**

1. The allegations contained in the First Count of this indictment, paragraphs one through twenty-three are hereby realleged and incorporated as if fully set forth herein.

2. In or about September 2003, within the District of Columbia, Darrell R. Muhammad, with intent to defraud, or injure another, issued, authenticated, transferred, published, sold, delivered, transmitted, presented, displayed, used or certified to Coldwell Banker Pardoe, as true and genuine, falsely made and altered written instruments, that is, a Registered Statement of Account, Processing Instructions and Notice of Preauthorized Transfer, purporting to have a value of $10,000 or more, copies of which are attached hereto as Exhibit _2_ and are incorporated herein by reference, knowing that Registered Statement of Account, Processing Instructions and Notice of Preauthorized Transfer, to have been falsely made and forged. (Uttering, in violation of 22 D.C. Code, Section 3241, 3242(a) (2001 ed.))

**SEVENTH COUNT:**

1. The allegations contained Count One of this indictment, paragraphs one through twenty-three are hereby realleged and incorporated as if fully set forth herein.

2. In or about September 2003, within the District of Columbia, Darrell R. Muhammad, with intent to defraud or injure another, falsely made, and altered a written instrument, that is, a Registered Statement of Account, Processing Instructions and Notice of Preauthorized Transfer purporting to have a value of $10,000 or more, copies of which are attached hereto as Exhibit _2_ and are incorporated herein by reference. (Forgery, in violation of 22 D.C. Code, Section 3241, 3242(a) (2001 ed.))

## EIGHTH COUNT

1. The allegations contained in Count One of this indictment, paragraphs one through twenty-three are hereby realleged and incorporated as if fully set forth herein.

2. In or about July 2004, within the District of Columbia, Darrell R. Muhammad, with intent to defraud, or injure another, issued, authenticated, transferred, published, sold, delivered, transmitted, presented, displayed, used or certified to Joseph Denahan, as true and genuine, a falsely made and altered written instrument, that is a Notice of Foreclosure Disposition, a copy of which is attached hereto as Exhibit 3 and is incorporated herein by reference, knowing that Notice of Foreclosure Disposition to have been falsely made and forged. (Uttering, in violation of 22 D.C. Code, Section 3241, 3242(c) (2001 ed.))

## NINTH COUNT:

1. The allegations contained Count One of this indictment, paragraphs one through twenty-three are hereby realleged and incorporated as if fully set forth herein.

2. In or about July 2004, within the District of Columbia, Darrell R. Muhammad, with intent to defraud or injure another, falsely made, and altered a written instrument, that is, a Notice of Foreclosure Disposition, a copy of which is attached hereto as Exhibit 3 and is incorporated herein by reference. (Forgery, in violation of 22 D.C. Code, Section 3241, 3242(c) (2001 ed.))

## TENTH COUNT

1. The allegations contained Count One of this indictment, paragraphs one through twenty-three are hereby realleged and incorporated as if fully set forth herein.

2. Between on or about July 15, 2004 and on or about July 17, 2004, within the District of Columbia, Darrell R. Muhammad, knowingly harassed Special Agent Joseph Denahan by mailing or causing to be mailed a fraudulent and false document, that is, a Notice of Foreclosure Disposition, to Special Agent Joseph Denahan, with the intent to hinder, delay, prevent or dissuade Special Agent Joseph Denahan from assisting in the prosecution of a criminal case, to wit, the case of United States v. Darrell R. Muhammad, Criminal Case Number F7826-03, then pending in the Superior Court of the District of Columbia. (Obstructing Justice (Harassment), in violation of 22 D.C. Code, Section 722(a)(3)(D) (2001 ed.))

## ELEVENTH COUNT

1. The allegations contained Count One of this indictment, paragraphs one through twenty-three are hereby realleged and incorporated as if fully set forth herein.

2. Between on or about July 15, 2004 and on or about July 17, 2004, within the District of Columbia, Darrell R. Muhammad, corruptly, or by threats of force, any way obstructed or impeded or endeavored to obstruct or impede the due administration of justice in an official proceeding, to wit, the case of United States v. Darrell R. Muhammad, Criminal Case Number F7826-03, then pending in the Superior Court of the District of Columbia. (Obstructing Justice (Due Administration of Justice), in violation of 22 D.C. Code, Section 722(a)(6) (2001 ed.))

## TWELFTH COUNT

On or about January 21, 2004, within the District of Columbia, Darrell R. Muhammad, having previously been released pursuant to the provisions of Title 23 of the District of Columbia Code in Superior Court Case Number F7826-03, a felony case, willfully failed to appear before the Court as required. (Bail Reform Act, in violation of 23 D.C. Code, Section 1327(a) (2001 ed.))

## THIRTEENTH COUNT

Between on or about July 15, 2004 and on or about July 17, 2004, within the District of Columbia, Darrell R. Muhammad, having previously been released pursuant to the provisions of Title 23 of the District of Columbia Code in Superior Court Case Number F7826-03, committed while so released the crimes of uttering, forgery and obstructing justice, felonies, as set forth in the eighth, ninth, tenth and eleventh counts of this indictment. (Offenses Committed During Release, in violation of 23 D.C. Code, Section 1328(a)(1))

Kenneth L. Wainstein /RJT

KENNETH L. WAINSTEIN
Attorney of the United States in
and for the District of Columbia

A TRUE BILL:


Foreperson